Lisa M. Keeler, WSBA No. 39463
Robert A. Carmichael, WSBA No. 14008
Carmichael Clark, P.S.
P.O. Box 5226
Bellingham WA 98227
Phone: 360-647-1500
Fax: 360-647-1501
E-mail: lkeeler@carmichaelclark.com
E-mail: rcarmichael@carmichaelclark.com
Attorneys for Defendant City of Lynden

Hon. Barbara J. Rothstein
NOTE ON MOTION CALENDAR
July 24, 2020
Oral Argument Requested

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| SCOTT HILLIUS; TOM STAEHR; DANIEL and SONJA LYONS; DOUGLAS and ANGELIQUE SCARLETT; MARK MIEDEMA; MARK and CHERI HOLMES; STEVEN and LISA ZEHM,<br><br>Plaintiffs,<br>v.<br><br>MAO HUA CHEN; 18 PARADISE, L.L.P.; MOUNT TAI INVESTMENT INC.; MOUNT EMEI INVESTMENT INC.; WILLIAM (MICK) O'BRYAN; JOSH WILLIAMS; MJ MANAGEMENT, LLC; and the CITY OF LYNDEN,<br><br>Defendants. | No. 20:20-cv-00902-BJR<br><br>DEFENDANT CITY OF LYNDEN'S MOTION TO DISMISS UNDER FED.R.CIV.P. 12(b)(6) and 21<br><br>NOTE ON MOTION CALENDAR:<br>July 24, 2020<br><br>ORAL ARGUMENT REQUESTED |

## I.  INTRODUCTION AND RELIEF REQUESTED

The allegations and pleas in the Complaint identify no plausible claims against Defendant City of Lynden (the "City") nor do they identify any relief that impacts or implicates the City or its interests. The City moves the Court under Fed.R.Civ.P. 12(b)(6) and 21 for an order dismissing all claims against the City and dismissing the City as a party to the

CITY'S MOT. TO DISMISS UNDER FED.R.CIV.P. 12(b)(6) and 21 - Page 1
(No. 2:20-cv-00902-BJR)

CARMICHAEL CLARK, P.S.
ATTORNEYS AT LAW
P.O. Box 5226
Bellingham, WA 98227
P. 360 647 1500 • F. 360 647 1501

action with prejudice.

## II.  RELEVANT FACTS ALLEGED IN COMPLAINT

Plaintiffs named the City "as a defendant only for purposes of the Declaratory Judgment Action pursuant to RCW 7.24.110, which requires that 'all persons shall be made parties who have or claim any interest which would be affected by the declaration.'" (Dkt. #1, Ex. #3, at p. 3, ll. 22-26.) And they immediately explained, "No affirmative relief, costs, fees or other remedy is sought from the City." (Dkt. #1, Ex. #3, at p. 3, ll. 26-27.) The Complaint clearly indicates that most of the causes of action are against Defendants other than the City (i.e. the Consumer Protection Act, breach of contract, express and construction trust, and RICO claims). (Dkt. #1, Ex. #3, at p. 14, l. 18, p. 17, ll. 1-2, 11, 22, p. 21, ll. 1, 27-28.) The only remaining cause of action seeks a declaratory judgment. (Dkt. #1, Ex. #3, at p. 25, l. 19 to p. 26, l. 19.) While the Complaint addresses a City ordinance (the "PRD Ordinance," former Chapter 19.29 of Lynden Municipal Code), a contract to which the City is a party (the "PRD Agreement"), and a development within the City (the "Homestead PRD"), none of the allegations impact or implicate the City. (Id.)

Plaintiffs articulate the declaratory relief they seek:

"The Court Should enter judgment declaring that the PRD Agreement and the PRD Ordinance require Paradise to convey the Common Open Space to the HOA." (Dkt. #1, Ex. #3, at p. 26, ll. 14-15.)

"The Court should further enter judgment declaring that the Homestead PRD is complete and that Paradise is now required to assist in the organization of the HOA and to convey the Common open Space to the HOA." (Dkt. #1, Ex. #3, at p. 26, ll. 16-19.)

"Entering a declaratory judgment: (1) declaring the PRD Agreement in full force and effect; (2) declaring the 6th and 7th Amendments to the CC&Rs void;

CITY'S MOT. TO DISMISS UNDER FED.R.CIV.P. 12(b)(6) and 21 - Page 2
(No. 2:20-cv-00902-BJR)

CARMICHAEL CLARK, P.S.
ATTORNEYS AT LAW
P.O. Box 5226
Bellingham, WA 98227
P. 360 647 1500 • F. 360 647 1501

(3) declaring that the CC&Rs require Paradise to assist in the organization of the HOA and to convey the Common Open Space to the HOA, and ordering Paradise to do so." (Dkt. #1, Ex. #3, at p. 27, ll. 6-11.)

But none of the requests impact or implicate the City or its interests.

### III.   ISSUE PRESENTED

Should this Court dismiss all claims against the City and dismiss the City as a party under Fed.R.Civ.P. 12(b)(6) and 21 because the Complaint fails to state a plausible claim against the City and fails to identify any relief that impacts or implicates the City?

### IV.   LEGAL AUTHORITY

The Court may dismiss a complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted if the plaintiff fails to state a cognizable legal theory or has not alleged sufficient facts to support a cognizable legal theory. *Beckington v. Am. Airlines, Inc.*, 926 F.3d 595, 604 (9th Cir. 2019); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1927, 173 L. Ed. 2d 868 (2009), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Absent facial plausibility, plaintiff's claims must be dismissed. *Twombly*, 550 U.S. at 570. Unless premised on mere technical pleading defects, a dismissal for failing to state a claim is deemed to be a ruling on the merits, and, once final, is accorded full res judicata effect, i.e. it is a dismissal with prejudice. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399, n.3, 101 S. Ct. 2424, 69 L.Ed. 2d 103 (1981); *Stewart v. United States Bancorp*, 297 F.3d

CITY'S MOT. TO DISMISS UNDER FED.R.CIV.P. 12(b)(6) and 21 - Page 3
(No. 2:20-cv-00902-BJR)

CARMICHAEL CLARK, P.S.
ATTORNEYS AT LAW
P.O. Box 5226
Bellingham, WA 98227
P. 360 647 1500 • F. 360 647 1501

953, 957 (9th Cir. 2002).

Here, the Plaintiffs' did not plead facts or seek relief that implicate or impact the City or its interests. Plaintiffs only named the City as a party under RCW 7.24.110, but the City is not a necessary party in the case. The declaratory judgment relief sought does not impact or implicate the City or its interest, so the City is not a necessary party. RCW 7.24.110. If there is misjoinder of a party, "[o]n motion or on its own, the court may at any time, or just terms, add or drop a party." Fed.R.Civ.P. 21.

### A. The City Is Not A Necessary Party As None Of The Legal Declarations Sought Impact Or Implicate The City Or Its Interests.

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." RCW 7.24.110. If the party interests are merely "speculative and secondary to the issues at hand" the party is not a necessary party. *See Freestone Capital Partners L.P. v. MKA Real Estate Opportunity Fund I, LLC*, 155 Wn. App. 643, 671, 230 P.3d 625, 638 (2010); *Town of Ruston v. City of Tacoma*, 90 Wn. App. 75, 82, 951 P.2d 805, 809 (1998) ("Although the legal relationships between these two entities and the municipalities might change as a result of this action, such changes are speculative and secondary to the issue at hand" so joinder of the municipalities was not necessary.").

None of the allegations implicate or impact the City's interests, and the legal declarations sought could not impede any ability of the City to protect its interests as a party to the PRD Agreement or as the municipality within which the Homestead PRD sits. *See Treyz*

CITY'S MOT. TO DISMISS UNDER FED.R.CIV.P. 12(b)(6) and 21 - Page 4
(No. 2:20-cv-00902-BJR)

CARMICHAEL CLARK, P.S.
ATTORNEYS AT LAW
P.O. Box 5226
Bellingham, WA 98227
P. 360 647 1500 • F. 360 647 1501

*v. Pierce County*, 118 Wn. App. 458, 462-63, 76 P.3d 292, 294 (2003), *review denied* 151 Wn.2d 1022, 91 P.3d 94 (a necessary party is "one whose ability to protect its interests in the subject matter of the litigation would be impeded by a judgment" and they "must have a sufficient interest such that judgment cannot be determined without affecting that interest." (internal citations omitted)). A complete determination of any controversy can be had without the City's presence. *Id*. 118 Wn. App. at 462, 76 P.3d at 294, *quoting Town of Ruston v. City of Tacoma*, 90 Wn. App. 75, 82, 951 P.2d 805 (1998). And the Plaintiffs do not challenge the validity of the former City ordinance relied upon, so the City is not a necessary party under that provision of the Uniform Declaratory Judgments Act (UDJA). RCW 7.24.110. The City is simply not a necessary party and should be dismissed. Fed.R.Civ.P.21.

The legal declarations sought only impact interests of other parties, primarily – if not solely – Defendant Paradise. (Dkt. #1, Ex. #3, at p. 26, ll. 14-19, p. 27, ll. 6-11.) None of the allegations or requests for relief implicate or impact the City, and no claim is made upon which relief can be granted against the City. None of the relief requested under the Uniform Declaratory Judgments Act—the only cause of action named against the City—impacts or implicates the City or its interests. All claims against the City should be dismissed and the City should be dismissed as party with prejudice.

## V.    CONCLUSION

The Complaint fails to state any plausible claims against the City and fails to identify any relief that could be granted against the City. The City respectfully requests the Court dismiss the claims against the City and dismiss the City as a party with prejudice under Fed.R.Civ.P. 12(b)(6) and 21.

CITY'S MOT. TO DISMISS UNDER FED.R.CIV.P. 12(b)(6) and 21 - Page 5
(No. 2:20-cv-00902-BJR)



CARMICHAEL CLARK, P.S.
ATTORNEYS AT LAW
P.O. Box 5226
Bellingham, WA 98227
P. 360 647 1500 • F. 360 647 1501

DATED this __1__ of __July__ 2020, at Bellingham, Washington.

CARMICHAEL CLARK, P.S.

_____
LISA M. KEELER, WA State Bar No. 39463
ROBERT A. CARMICHAEL, WA State Bar No. 14008
Attorneys for Defendant City of Lynden

CITY'S MOT. TO DISMISS UNDER FED.R.CIV.P. 12(b)(6) and 21 - Page 6
(No. 2:20-cv-00902-BJR)

CARMICHAEL CLARK, P.S.
ATTORNEYS AT LAW
P.O. Box 5226
Bellingham, WA 98227
P. 360 647 1500 • F. 360 647 1501